UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

RALPH COUNTRYMAN,  )
                   )
      Plaintiff,   )        3:10-cv-00107-LRH-RAM
                   )
vs.                )
                   )        **ORDER**
STATE OF NEVADA, *et al.*,  )
                   )
      Defendants.  )
_____/

Plaintiff, who is a prisoner in the custody of the Nevada Department of Corrections, has submitted a civil rights complaint. The court has screened plaintiff's civil rights complaint pursuant to 28 U.S.C. § 1915A and finds that it must be dismissed in part.

**I.     Screening Pursuant to 28 U.S.C. § 1915A**

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1),(2). Pro se pleadings, however, must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d. 696, 699 (9th Cir. 1988). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, pursuant to the Prison Litigation Reform Act of 1995 (PLRA), a federal court must dismiss a prisoner's claim, "if the allegation of poverty is untrue," or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the Court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d. 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the Court takes as true all allegations of material fact stated in the complaint, and the Court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations of a pro se complainant are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id., see Papasan v. Allain*, 478 U.S. 265, 286 (1986).

All or part of a complaint filed by a prisoner may therefore be dismissed *sua sponte* if the prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful

2

factual allegations (e.g., fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

## II.     Screening of the Complaint

### A.     Defendants

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law]    . . . subjects, or causes to be subjected, any citizen of the United States. . . to the deprivation of any rights, privileges, or immunities secured by the Constitution. . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.  42 U.S.C. § 1983.

The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. *See Monell v. Department of Social Services*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

Supervisory personnel are generally not liable under section 1983 for the actions of their employees under a theory of *respondeat superior* and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. *See Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978), *cert. denied*, 442 U.S. 941 (1979). To show a *prima facie* case of supervisory liability, plaintiff must allege facts indicating that supervisory defendants either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or implemented "a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989) (quoting *Thompkins v. Belt*, 828 F.2d 298, 303-04 (5th Cir. 1987); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Although federal pleading standards are broad, some facts must be alleged to support claims under Section 1983. *See Leatherman v. Tarrant County Narcotics Unit*, 113 S.Ct. 1160, 1163 (1993).

The Eleventh Amendment prohibits federal courts from hearing suits brought against an unconsenting state. *Brooks v. Sulphur Springs Valley Elec. Co.*, 951 F.2d 1050, 1053 (9th Cir. 1991)(citation omitted); *see also Seminole Tribe of Fla. v. Florida*, 116 S.Ct. 1114, 1122 (1996); *Puerto Rico Aqueduct Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993); *Austin v. State Indus. Ins. Sys.*, 939 F.2d 676, 677 (9th Cir. 1991). Nevada explicitly has retained its full Eleventh Amendment immunity. Nev.Rev.Stat. 41.031(3). Accordingly, the State of Nevada will be dismissed from this action with prejudice.

### B. Count I

In count 1, plaintiff alleges that defendants retaliated against him by convicting him of a disciplinary violation and putting him in disciplinary segregation for pursuing civil litigation. He further claims that upon later dropping the disciplinary charges, defendants intimidated him into requesting protective segregation.

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a Section 1983 claim. Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985); *see also Valandingham v. Bojorquez*, 866 F.2d 1135 (9th Cir. 1989). To establish a prima facie case, plaintiff must allege and show that defendants acted to retaliate for his exercise of a protected activity, and defendants' actions did not serve a legitimate penological purpose. *See Barnett v. Centoni*, 31 F.3d 813, 816 (9th Cir. 1994); *Pratt v. Rowland*, 65 F.3d 802, 807 (9th Cir. 1995). A plaintiff asserting a retaliation claim must demonstrate a "but-for" causal nexus between the alleged retaliation and plaintiff's protected activity (i.e., filing a legal action). *McDonald v. Hall*, 610 F.2d 16, 18 (1st Cir. 1979); *see Mt. Healthy City School Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274 (1977). The prisoner must submit evidence, either direct or circumstantial, to establish a link between the exercise of constitutional rights and the allegedly retaliatory action. *Pratt*, 65 F.3d at 806. Timing of the events surrounding the alleged retaliation may constitute circumstantial evidence of retaliatory intent. *See Soranno's Gasco, Inc. v. Morgan*, 874 F.2d 1310, 1316 (9th Cir. 1989). The court finds that count I states a colorable First Amendment retaliation claim.

### C. Count II

Plaintiff contends that defendants violated his Fourteenth Amendment right to due process

4

by convicting him of a disciplinary violation and placing him in disciplinary segregation without supporting evidence.

In order to state a cause of action for deprivation of procedural due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. In *Sandin v. Connor*, 515 U.S. 472, 487 (1995), the Supreme Court abandoned earlier case law which had held that states created protectable liberty interests by way of mandatory language in prison regulations. *Id*. Instead, the Court adopted an approach in which the existence of a liberty interest is determined by focusing on the nature of the deprivation. *Id*. In doing so, the Court held that liberty interests created by prison regulations are limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id*. at 484.

In *Sandin*, the Court focused on three factors in determining that plaintiff possessed no liberty interest in avoiding disciplinary segregation: (1) disciplinary segregation was essentially the same as discretionary forms of segregation; (2) a comparison between the plaintiff's confinement and conditions in the general population showed that the plaintiff suffered no "major disruption in his environment;" and (3) the length of the plaintiff's sentence was not affected. *Sandin*, 515 U.S. at 486-87; *Resnick v. Hayes*, 213 F.3d 443, 448 (9th Cir. 2000).

Where a protected liberty interest exists, the Supreme Court has set out the following procedural due process requirements for disciplinary detention of a prisoner: (1) written notice of the charges; (2) at least 24 hours between the time the prisoner receives written notice and the time of the hearing, so that the prisoner may prepare his defense; (3) a written statement by the fact finders of the evidence they rely on and reasons for taking disciplinary action; (4) the right of the prisoner to call witnesses in his defense, when permitting him to do so would not be unduly hazardous to institutional safety or correctional goals; (5) legal assistance to the prisoner where the prisoner is illiterate or the issues presented are legally complex. *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). The court finds that plaintiff has stated a colorable Fourteenth Amendment claim in count II.

**D.     Count III**

Plaintiff contends that defendants violated his rights under the Fourteenth Amendment when they acted contrary to the Nevada Department of Corrections' administrative regulations and

punished him for requesting protective segregation.  "After Sandin, it is clear that the touchstone of the inquiry into the existence of a protected, state-created liberty interest in avoiding restrictive conditions of confinement is not the language of regulations regarding those conditions but the nature of those conditions themselves 'in relation to the ordinary incidents of prison life.' " *Wilkinson v. Austin*, 545 U.S. 209, 222-23, 125 S.Ct. 2384, 162 L.Ed.2d 174 (2005) (quoting *Sandin*, 515 U.S. at 484, 115 S.Ct. 2293).  The court therefore finds that plaintiff's claim that defendants violated his Fourteenth Amendment rights by violating the administrative regulations fails to state a Constitutional claim upon which relief can be granted.  Count III will therefore be dismissed.

### E.     Count IV

Plaintiff contends that defendants have violated his right to free exercise of his religion under the First Amendment and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc.  Specifically, petitioner contends that from October 17, 2007, until June 5, 2008, he was in protective segregation and was precluded from attending church services.  Section 3 of RLUIPA provides, in relevant part, that "[n]o government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution ... even if the burden results from a rule of general applicability," unless the government establishes that the burden furthers "a compelling governmental interest," and does so by "the least restrictive means." 42 U.S.C. § 2000cc-1(a)(1)-(2). RLUIPA defines "religious exercise" to include "any exercise of religion, whether or not compelled by, or central to, a system of religious belief." § 2000cc-5(7)(A). "A person may assert a violation of [RLUIPA] as a claim or defense in a judicial proceeding and obtain appropriate relief against a government." § 2000cc-2(a).

The First Amendment to the United States Constitution provides that Congress shall make no law respecting the establishment of religion, or prohibiting the free exercise thereof.  U.S. Const., amend. I.  The United States Supreme Court has held that prisoners retain their First Amendment rights, including the right to free exercise of religion.  *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 348 (1987).  The Court has also recognized that limitations on a prisoner's free exercise rights arise from both the fact of incarceration and from valid penological objectives.  *Id.; McElyea v. Babbit*, 833 F. 2d 196, 197 (9th Cir. 1987).

1    Prison regulations alleged to infringe on the religious exercise right must be evaluated under
2 the "reasonableness" test set forth in *Turner v. Safley*, 482 U.S. 78, 89-91 (1987). *O'Lone*, 382 U.S.
3 at 349; *Freeman v. Arpaio*,125 F.3d 732, 736 (9th Cir. 1997)(recognizing that the United States
4 Supreme Court's decision in *City of Boerne v. P.F. Flores*, 521 U.S. 507 (1997), invalidated the
5 Religious Freedom Restoration Act as applied to states and their subdivisions and restored the
6 "reasonableness test" as the applicable standard in free exercise challenges brought by prison
7 inmates).

8    In determining the reasonableness of a challenged restriction on First Amendment rights, the
9 court considers four factors.  First, there must be a valid, rational connection between the prison
10 regulation and the legitimate government interest put forward to justify it, and the governmental
11 objective must itself be a legitimate and neutral one.  A second consideration is whether alternative
12 means of exercising the right on which the regulation impinges remain open to prison inmates.  A
13 third consideration is the impact accommodation of the asserted right will have on guards, other
14 inmates, and the allocation of prison resources.  Finally, the absence of ready alternatives is
15 evidence of the reasonableness of a prison regulation.  *Allen v. Toombs*, 827 F.2d 563, 567 (9th Cir.
16 1987) (citing *Turner v. Safley*, 482 U.S. at 89-91).  In this case, the court finds that count IV states a
17 colorable claim under both the First Amendment and RLUIPA.

18    **F.    Count V**

19    Plaintiff contends that defendants violated his "Constitutional right to equal protection of the
20 law under 42 U.S.C.  2000cc" by depriving him of access to church services during the time that he
21 was held in protective segregation.  Equal protection claims arise when a charge is made that
22 similarly situated individuals are treated differently without a rational relationship to a legitimate
23 state purpose.  *See San Antonio School District v. Rodriguez*, 411 U.S. 1 (1972).  In order to state a
24 § 1983 claim based on a violation of the equal protection clause of the Fourteenth Amendment, a
25 plaintiff must allege  that defendants acted with intentional discrimination against plaintiff.  *Lowe v.*
26 *City of Monrovia*, 775 F.2d 998, 1010 (9th Cir. 1985); *Federal Deposit Ins. Corp. v. Henderson*, 940
27 F.2d 465, 471 (9th Cir. 1991). Plaintiff has not made such an allegation; accordingly count IV does
28 not state a claim for violation of plaintiff's Fourteenth Amendment right to equal protection of the

7

1 laws. To the extent that plaintiff is attempting to state a claim under RLUIPA, it is duplicative of
2 count IV. Accordingly, the court finds that count V does not state a colorable claim for relief.

4     **IT IS THEREFORE ORDERED** that the Clerk of the Court shall **FILE** the complaint.
5 (Docket #1-2.)

6     **IT IS FURTHER ORDERED** that defendants' motion for screening is **DENIED** as moot.
7 (Docket #2.) Such motions are unnecessary, as the court automatically screens prisoner civil rights
8 cases pursuant to 28 U.S.C. § 1915A.

9     **IT IS FURTHER ORDERED** that defendants' motion to stay this action pending screening
10 by the court is **DENIED** as moot. (Docket #3.) It is well established in this court that defendants
11 have no duty to respond to a *pro se* prisoner civil rights complaint until instructed to do so.

12     **IT IS FURTHER ORDERED** that defendant the State of Nevada is **DISMISSED** with
13 prejudice.

14     **IT IS FURTHER ORDERED** that counts III and V are **DISMISSED** without prejudice for
15 failure to state a claim upon which relief can be granted.

16     **IT IS FURTHER ORDERED** that the Clerk shall **electronically serve a copy of this
17 order, along with a copy of Plaintiff's complaint, to the Office of the Attorney General of the
18 State of Nevada, c/o Pamela Sharp, Supervising Legal Secretary, 100 North Carson St., Carson
19 City, Nevada 89701-4717**. The Attorney General shall advise the court within **twenty-one (21)
20 days** of the date of entry of this order whether they can accept service of process for the named
21 defendants and the last known address under seal of the defendants for which they cannot accept
22 service. If the Attorney General accepts service of process for any of the defendants, such
23 defendant(s) shall file and serve an answer or other response to the complaint within **thirty (30)
24 days** of the date of the notice of acceptance of service.

25     **IT IS FURTHER ORDERED** that the parties **SHALL DETACH, COMPLETE, AND
26 FILE** the attached Notice of Intent to Proceed with Mediation form on or before **thirty (30) days**
27 from the date of the entry of this order.

28     **IT IS FURTHER ORDERED** that henceforth, plaintiff shall serve upon defendants or, if an

1  appearance has been entered by counsel, upon their attorney(s), a copy of every pleading, motion or
2  other document submitted for consideration by the court.  Plaintiff shall include with the original
3  paper submitted for filing a certificate stating the date that a true and correct copy of the document
4  was mailed to the defendants or counsel for defendants.  If counsel has entered a notice of
5  appearance, the plaintiff shall direct service to the individual attorney named in the notice of
6  appearance, at the address stated therein.  The court may disregard any paper received by a district
7  judge or magistrate judge which has not been filed with the Clerk, and any paper received by a
8  district judge, magistrate judge or the Clerk which fails to include a certificate showing proper
9  service.

10       DATED this 26th day of August, 2010.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

```
_____
Name
_____
Prison Number (if applicable)
_____
Address
_____

_____
```

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| _____, ) | Case No. _____ |
| Plaintiff,                   ) | |
|                              ) | |
| v.                           ) | **NOTICE OF INTENT TO** |
|                              ) | **PROCEED WITH MEDIATION** |
| _____ ) | |
|                              ) | |
| _____ ) | |
| Defendants.                  ) | |
| _____) | |

    This case may be referred to the District of Nevada's early inmate mediation program. The purpose of this notice is to assess the suitability of this case for mediation. Mediation is a process by which the parties meet with an impartial court-appointed mediator in an effort to bring about an expedient resolution that is satisfactory to all parties.

1.   Do you wish to proceed to early mediation in this case? ____ Yes  ____ No

2.   If no, please state the reason(s) you do not wish to proceed with mediation? _____

     _____

     _____

     _____

3.   List any and all cases, including the case number, that plaintiff has filed in federal or state court in the last five years and the nature of each case. (Attach additional pages if needed).

     _____

     _____

     _____

4.   List any and all cases, including the case number, that are currently pending or any pending grievances concerning issues or claims raised in this case. (Attach additional pages if needed).

     _____

_____

_____

_____

5. Are there any other comments you would like to express to the court about whether this case is suitable for mediation.  You may include a brief statement as to why you believe this case is suitable for mediation.  (Attach additional pages if needed).

_____

_____

_____

_____

**This form shall be filed with the Clerk of the Court on or before thirty (30) days from the date of entry of this order.**

<u>Counsel for defendants</u>: By signing this form you are certifying to the court that you have consulted with a representative of the Nevada Department of Corrections concerning participation in mediation.

Dated this \_\_\_\_ day of _____, 2010.

_____
Signature

_____
Name of person who prepared or
helped prepare this document

.

DATED this \_\_\_\_\_ day of _____, 2010.

_____
UNITED STATES MAGISTRATE JUDGE