1

2

3

4

5

6                    **UNITED STATES DISTRICT COURT**

7                          **DISTRICT OF NEVADA**

8

9    RALPH COUNTRYMAN,                    )        3:10-cv-00107-LRH-WGC
                                          )
10                       Plaintiff,       )
                                          )
11           vs.                          )        **WITHDRAWAL OF**
                                          )        **REPORT AND RECOMMENDATION**
                                          )        **OF U. S. MAGISTRATE JUDGE (Doc. # 67)**
12   STATE OF NEVADA, *et al.*,           )        **AND**
                                          )        **ORDER OF LIMITED BRIEFING**
13                       Defendant(s)     )
     _____)

14

15          On September 18, 2012, this court submitted its Report and Recommendation (Doc. # 67) to

16   the Hon. Larry R. Hicks, United States District Judge, recommending that Defendants' Motion for

17   Summary Judgment (Doc. # 52) be granted.

18          Plaintiff thereafter filed a "Motion for Hearing on New Found Evidence and Motion for

19   Enlargement of Time to Object to Magistrate Judge's R & R" (Doc. ## 68, 69).  Defendants filed their

20   Opposition to Plaintiff's Motion for Hearing and Limited Opposition to Plaintiff's Motion for

21   Enlargement of Time to Object to Magistrate Judge's Report and Recommendation (Doc. # 70).  The

22   Hon. Larry R. Hicks granted Plaintiff's Motion for Extension of Time to Object to the Report and

23   Recommendation (Doc. # 71).  Upon referral of the Plaintiff's motion from Judge Hicks regarding

24   "new found evidence," this Court scheduled a hearing to address Plaintiff's assertions and contentions.

25   (Doc. # 72.)  A hearing was conducted on October 31, 2012.  (Doc. # 74.)

26          Before the court, therefore, is Plaintiff's Plaintiff's Motion for Hearing with respect to "New

27   Found Evidence" (Doc. # 68) and the Defendants' Response (Doc. # 70) and Supplement to Response

28   (Doc. # 73).  The Supplement was filed after the court conducted its hearing on October 31, 2012.

1           As reflected in the Minutes of the hearing (Doc. # 74), the court reviewed Plaintiff's "new

2  found evidence" which appears in the docket as Doc. 70-1. This "evidence" is a 10/24/07 email from

3  Deputy Attorney General Susan Stewart to NDOC Assistant Warden Burson.  It memorializes a

4  tentative agreement between Deputy Attorney General Stewart and Assistant Warden Burson,

5  apparently instituted at the request of Magistrate Judge Robert A. McQuaid, Jr., that Plaintiff's prison

6  discipline and sanctions be dismissed.  The document was apparently located in Plaintiff's NDOC

7  "I-File."[1]

8           There was no response to the email contained in the Plaintiff's I-File.  Subsequent to the

9  hearing, Defendants filed a "Supplement" (Doc. # 73) to their earlier response.  The Supplement

10  produced a letter dated  November 7, 2007, from the Warden of the Southern Desert Correctional

11  Center to Deputy Attorney General Stewart addressing the subject matter of the 10/24/07 email.

12  Therein Warden Williams advised Ms. Stewart of the Center's "zero tolerance policy in regard to

13  inmate threats against staff or public officials." (*Id*.) Warden Williams' letter "respectfully request[s]

14  that you and Judge McQuaid reconsider your request to dismiss Countryman's sanctions."  (*Id.*)

15  Defendants' supplement does not explain where the Williams letter was located, nor does it address

16  whether the letter was forwarded to Judge McQuaid, or whether Ms. Stewart made any response or

17  comment to either Warden Williams or Judge McQuaid.[2]

18           The court indicated at the hearing on October 31, 2012, in the instant matter there is a

19  possibility the email may have some relevance to Plaintiff's "retaliation" cause of action, i.e., that the

20  discipline referred to in Ms. Stewart's email may be relevant to his assertion the discipline by NDOC

21  was in alleged retaliation for his filing and prosecuting his religious freedom lawsuit (*Countryman v.*

22

23        [1] The putative agreement pertained to an earlier lawsuit filed by plaintiff in 2007, *Countryman v. Baca*, 3:07-cv-0052-PMP-RAM.  Plaintiff in that case alleged the defendants violated his right to study and practice

24  his religion in violation of the First Amendment and Title 42 U.S.C. § 2000cc (the Religious Land Use and Institutionalized Persons Act).  In the course of that litigation, Plaintiff authored a letter to the deputy attorney

25  general defending the *Baca* lawsuit (Ms. Stewart) which the Department of Corrections deemed to be threatening and for which Plaintiff was disciplined by NDOC.  That discipline is the subject of Plaintiff's "retaliation" cause

26  of action in the instant matter.

27        [2] The court's docket in 3:07-cv-0052-PMP-RAM does not reflect that either the Stewart email or the Williams letter were submitted to the court.  It does not appear, therefore, that Judge McQuaid was provided an

28  opportunity to review Ms. Stewart's "request" or the Williams response.

1   *Baca*, 3:07-cv-0052-PMP-RAM).  The court, however, expressed its opinion that the email would

2   likely have no relevance to Plaintiff's Fourteenth Amendment Due Process claim herein because the

3   October 2, 2007 disciplinary hearing, for which the due process was challenged, preceded the

4   discussions between Judge McQuaid and Deputy Attorney General Stewart.

5   　　　After further consideration of the "new found evidence," including the Stewart email and the

6   Williams letter, the court is still of the opinion the putative "agreement" between the court and Deputy

7   Attorney General Stewart (which was subject to some sort of acquiescence from NDOC) would have

8   no bearing on the outcome and determination of Plaintiff's due process claim in the instant matter.

9   As discussed in the Report and Recommendation, Plaintiff did not contend he was denied the

10   procedural protections outlined for inmate disciplinary hearings in *Wolff v. McDonnell*, 417 U.S. 539

11   (1974).  (Doc. # 67 at 11-12.)  Additionally, the court found Plaintiff was afforded all of his

12   constitutional protections. (*Id*.)  Instead, Plaintiff's argument on due process was whether the contents

13   of the letter Plaintiff sent to Deputy Attorney General Stewart was sufficiently threatening to find

14   Plaintiff guilty of an NDOC policy infraction.  NDOC found Plaintiff guilty of the charges of threats,

15   harassment and unauthorized use of mail.  (*Id*., at 10, *ll*. 20-25.)  The Report and Recommendation

16   concluded application of the "*any* evidence" standard on which the court must evaluate due process

17   claims was satisfied.  *Superintendent, Mass. Correctional Institution, Wapole v. Hill*, 472 U.S. 445

18   (1984); *Cato v. Rushen*, 824 F.2d 703, 705 (9th Cir. 1987) (citing *Hill*, 472 U.S. at 455).  Accordingly,

19   neither the subject email nor the Williams letter suggest any basis the court's conclusions on the due

20   process claim should be re-evaluated.

21   　　　However, the court concludes there is at least a possibility the Stewart email and Williams

22   letter might have some bearing on Plaintiff's argument with respect to his retaliation claim.  The court

23   is not reaching any conclusion at this time that these documents do suggest a different recommendation

24   on the retaliation claim should be reached.  Rather, the court believes that since these materials were

25   not available to Plaintiff when he submitted his opposition to Defendants' motion for summary

26   judgment, that he should at least be afforded an opportunity to present an argument as to how they

27   support his retaliation argument.

28   / / /

3

Therefore,

(1)     The court's Report and Recommendation (Doc. # 67) is withdrawn. Accordingly, there shall be no obligation of the parties to comply with the pending deadline to file objections (Doc. # 71).

(2)     Plaintiff shall have until **November 26, 2012**, to file a memorandum which shall address the "retaliation" component of his complaint (Doc. # 8) (Count I). Any memorandum Plaintiff submits shall be limited to the retaliation issues raised by Plaintiff's Complaint (Doc. # 8), Defendants' Motion and Reply Memorandum (Doc. ## 52, 66) and this court's Report and Recommendation discussing the retaliation claims of Count I (Doc. # 67 at 5-7).

(3)     Defendants shall have until **December 7, 2012,** to file a response to Plaintiff's memorandum and shall be similarly restricted to the retaliation issue.

(4)     There shall be no extensions granted with respect to the aforementioned deadlines.

(5)     Defendants' counsel is further directed to ascertain whether there is any filing, letter, email, facsimile, memo or whatever which is responsive to the Williams 11/7/07 letter to Deputy Attorney General Stewart (Doc. # 73 at 4), and if there is, such material should be submitted to the court.

**IT IS SO ORDERED.**

DATED: November 8, 2012.


_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE

4